Good morning, and may it please the court. My name is David Bray with a law firm with Dickinson Wright, and I represent the appellates in this matter. This argument relates to the very last portion of a much larger case that was filed way back in 2014, which I think is now a decade ago. We remember. All of the other issues have been resolved through settlement with the other parties that was finalized in December of 2022. The remaining two non-settling individual defendants are Fernando Godinez and Carly Uritz. The other individual defendants have settled with plaintiffs, and that's resolved more than half of the individual defendants fee award. The question of Ms. Uritz and Mr. Godinez's entitlement to a fee award has been fully briefed to the court, but as I only have 10 minutes for argument this morning, I'm going to focus my argument on the fee award to Ms. Uritz. It is appellate's position that the district court erred when it awarded Ms. Uritz attorney's under ARS 12341.01a, which is, of course, the Arizona statute that says a prevailing party in a matter arising out of contract may be awarded his or her attorney's fees. The key argument or the key words for my portion this morning is but for. The relevant test in Arizona as to whether something arises out of contract is whether the claim would exist but for the existence of a contract and the claims or at least the arguments that that Ms. Uritz has made regarding a fee award to her under that statute fails that test. What is not disputed is there is no contract claim brought by plaintiffs against Ms. Uritz. We did not allege that she signed or breached any employment agreement. We did not allege that she signed or breached any confidentiality agreement or any employee handbook. The district court below recognized, quote, Uritz did not sign an agreement with JDM, JDM being shorthand for JD Melberg Financial, the corporate plaintiff in this case. Now, so what were the claims against Ms. Uritz? I believe the claims were a breach of fiduciary duty or breach of duty and loyalty as well as misappropriation of trade secrets. But didn't you say she worked in concert with the other individual defendants? I'd have to go back to the original complaint. I don't remember if there was a quote unquote conspiracy claim or not. Well, it is not in concert with the individual defendants. Wouldn't that meet the test? Because but for their breach of the claims, she wouldn't have been able to work in concert with them to get the proprietary and confidential information. Is that fair? I would disagree with that, Your Honor. I think the claims, the core claims against Ms. Uritz were for misappropriation of trade secrets and breach of fiduciary duties or breach of duty and loyalty, I think it's called under Arizona law. So it's not like we were asserting only a misappropriation of trade secret claim or a contract claim against the other individual defendants, Mr. Will, for example, and saying that she behaved poorly because she was part of a conspiracy or acted in concert with them. We were saying that she independently misappropriated our trade secrets through her actions, which were described in the second amended complaint. What were her actions that were taken that were independent of the other defendants? Before she left Melberg's employee, she emailed a number of what we argued were trade secret confidential information to her personal email address. That was the core allegations regarding Ms. Uritz. She was, I think, a copywriter for the marketing department and there was a number of what we would argue with confidential information that JDM used in this marketing department that she emailed to herself immediately following termination or immediately prior to her submitting a resignation. You don't dispute that there was an employee-employer relationship there, do you? Oh, absolutely not. Absolutely not. And there was a public counsel that filed a notice of supplemental authority that quoted a portion of the Employment Protection Act that stated that the employment relationship was contractual in nature. The purpose of that Employment Protection Act in Arizona was to avoid or to clarify the relationship such that an employee could not make an argument that they had a right to employment for a particular term based on some sort of argument regarding an implied covenant of good faith and fair dealing. That goes back to the Grand Canyon, which is kind of a fun case if you're in Arizona. But the point is, one of their arguments was that the tort claims or the misappropriation of trade secret claim against Ms. Uritz was intertwined with contract claims. There's never been an Arizona case that said that intertwining applies to different claims against different defendants. As always, all of the cases deal with tort and contract claims against the same defendant. So that's what's distinguishable from the cases that they cite. And then the other thing, and I think this is relevant to the statute they cited, the Employment Protection Act, is Arizona's version of the Uniform Trade Secret Act, 44-401 through 404. Under 44-404, there are three specified grounds that a prevailing party in a trade secret case may recover its attorney's fees. That statute was passed after 12341.01a. And if it's because the employment relationship is contractual in nature, if in fact, in every trade secret case in Arizona, the prevailing party can recover its attorney's fees, that 44-404 is completely superfluous. And no Arizona courts held that. And again, I'm sorry. Counsel, I've got a couple of questions I'd like to get in. So let's assume that I was sympathetic to your claims about Ms. Uritz. Was she jointly represented with Mr. Godinez? Was it common counsel for the two of them? There was common counsel. The individual defendants all had the same counsel. Impact had separate counsel. Can you point to any bills that were approved by the district court for attorney's fees that would have related to the claims against her alone and not against her and Mr. Godinez? Yeah. If you look at the application for attorney's fees that the individual defendants counsel filed, I think it was Mr. Woodlock. I believe it's exhibit one or exhibit five to his affidavit has broken down fees for Ms. Uritz. And the whole basis of the settlement and the fee argument was I've broken down fees separately billed for each of the four individual defendants. And this was significant in terms of how we settled the case as to the fees they identified as common fees as to all they were broken up. He argued that each individual defendant was responsible for his or her share of that. So they were broken down in Mr. Woodlock's application. Are there fees that the district court awarded in the proceeding that's still before us, that have not been settled out, that remain common to Godinez and Uritz? That is, it looks to me like the Judge Jorgensen awarded fees that probably were for actions that were common to both Godinez and Uritz. Are you disputing those fees? We're disputing her portion of it. I mean, the way that defendants counsel divided it up was that Ms. Uritz was responsible for one-fourth of the common fees. And then counsel also included a separate exhibit, which again, I think was exhibit five to his affidavit, that broke down fees specifically for her. Okay. If we thought that this was meritorious and did not think that any of your other arguments were meritorious, what kind of a reduction are we talking about? Do you have a number? I believe Ms. Uritz's separate fees, what we'd be arguing for, and I have 20 seconds, would be Ms. Uritz's separate fees, which is in exhibit five, which I think was around $12,000. And one, if I have the number right, one-fourth of the common fees. And again, it's complicated in terms of, we'll just have to deal with your, whatever the order is, but it's complicated in terms of the settlement, because that provides parameters as to the caps that we're responsible for. Counsel, am I correct in my understanding that if we conclude that the fees were not awardable under section 12-341.01, that you would be agreeable to remanding for consideration under section 44-404.1? Yes, your honor. Okay. All right, let's hear from opposing counsel, Mr. Worken. We can't see you. Oh, there you are. Okay. Good morning, your honors. My name is Charles Worken. May it please the court, I represent the Appalachians, Boninias, and Uritz. And I was sitting to the side of my podium at a while you all were having that conversation. In answer to your question, Judge Rawlinson, the claims against Ms. Uritz were counts two, three, eight, and nine, misappropriation of trade secrets, unfair competition, civil conspiracy, and aiding and abetting. And it's important to note that the civil conspiracy and aiding and abetting counts incorporated all the preceding allegations, including the allegation of the breach of contract by Mr. Godinez and breaches by other defendants as well. So she was being captured in that broader net by the civil conspiracy and aiding and abetting claims. And the district court observed, and I'm reading from the extract of record at page 18, that the claims against Uritz were premised on conspiring and aiding and abetting other defendants for their alleged breach of agreements. And that's consistent with the second amended complaint, which I just read. I've read the Arizona authorities. I couldn't find myself anywhere where someone was awarded attorney's fees because the tort claim against them was related to a contract with someone else. Now, I understand. I'm going to probe a little more about the conspiracy and aiding and abetting, but I want to first ask, do you have any Arizona authority that would suggest that someone like Uritz can collect, her claim can be intertwined with the breach by someone else? I understand your question. And no, your honor, I'm not aware of a case with those precise facts or that analysis, but I think it really misstates the issue here. We're not talking about an award of fees here to Ms. Uritz because some other defendant had a contract. We're talking here not about the intertwining of defendants, but the intertwining of claims. And as I said, she- But there's no contract claims against her. That's what distinguishes this from all of the other Arizona cases. But yet she's alleged to have conspired with and aided and abetted the other defendants who did have contracts that were alleged to have been breached. But I think by your own admission, and I appreciated the candor of your answer, it was very refreshing. And I think you're right, but this would be an extension of Arizona law, wouldn't it? Well, but I don't think we need to go there. Okay. Then go ahead. Please tell me why we don't need to go there. Yes. And certainly there are multiple Arizona cases that deal with the award of fees in a case where there are intertwined tort and contract claims. And the modular mining case is the one that is most like this because it involved misappropriation of trade secrets. It cites to Ramsey Ayer, and it also cites to my own case of Campbell versus Westall from some 25 years ago. So we're not breaking any new ground in that respect. Counselor, if I understand your argument, you're saying that because there were claims of civil conspiracy and aiding and abetting in the breach of the agreements, that meets the arising out of contract language in the statute. Yes, Your Honor. That is what I'm trying to say to you. And I think we have another complication here to which this court should defer. And that is, as the district court recognized, it's impractical, impracticable to try to apportion the fees between the various claims. And in that situation, according to Arizona case law, it's a matter of abuse of discretion. And, you know, the threshold question of the applicability of the statute to these claims one by one, we don't need to reach. And that was found to be true in the modular mining case. Instead, you look at this collection of claims that are inextricably intertwined and overlapping. And they all have this common nexus to some degree or another with underlying contracts and the breach of them. And then the complication of the impracticability of trying to apportion fees among them. And the district court observed, in fact, that the apportionment was not possible. So I submit to you that you should find no abuse of discretion here in deciding this fees issue as Judge Jorgensen did. But your opposing counsel suggested that there was at least one. You decided to exhibit five to one of the experts and cited $12,000 that that was attributable to Uritz alone. And I don't have that number at hand. I believe that in the fee application, starting at excerpt page 138, there are tables of fees, itemizations of fees, and I believe that they are broken down by the individual defendants. My firm previously represented more than these two remaining defendants. But Judge Jorgensen's award was in the aggregate, not individual defendant by defendant. It's certainly not between Godinez and Uritz. But again, her, even if she had made an award or if you want to parse it out and segregate the amounts between these two people, still, she is entitled to be awarded those fees because she was successful in defending this group of claims that were interwoven and involved in part an underlying breach of contract. Although not her employment agreement, which there was, she did have an employment agreement. And she's also, of course, in an employment relationship, which is contractual in nature. But more to the point, she was caught up in this allegation of aiding and abetting and conspiring with others to breach the contracts to keep confidential these alleged trade secrets. I hope I'm being responsive, Your Honors. It seems that there's no dispute here this morning that Mr. Godinez is entitled to his fees since we're only talking about Ms. Uritz. And we've had no discussion about the application of the Warner factors, which Judge Jorgensen did carefully consider. There are seven factors, as you may well know, and five of them were relevant. And she discusses each of them in the record at pages 17 and 18. And we also haven't had any discussion about certifying any issue to the Supreme Court. And I imagine that that has been abandoned, but there's no need to do that. And besides, the premise of the question that appellants would want you to certify is incorrect, and it ignores the interwoven nature of these claims. If there are other questions, I'm happy to answer them. Yes, counsel, I'll ask you what I ask opposing counsel. Is my understanding correct that if the panel finds that there was error in awarding fees under ARS section 12-341.01, would you object to a remand for consideration of fees under ARS section 44-404.01? Of course not. I just wanted it on the record. Well, okay. Certainly, if you were to reverse as to Ms. Juretz, you would remand the case to the district court for further proceedings consistent with your order. And we would then go back to the court and ask the court to consider and decide the application of the trade secrets fee statute, which Judge Jorgensen avoided doing because she made her award under the contract fee statute.  Yes. So. All right. If there's nothing else, we'll give you a minute for rebuttal, Mr. Bray. Thank you, Your Honor. I would just say two things. I just took a look at the second amended complaint. The aiding and abetting claim and the conspiracy claim refers only specifically to the misappropriation of trade secrets. There is broader language regarding unfair acts or illegal acts, but the only specific claims called out is the misappropriation of trade secrets. And with regard to whether those sort of claims would arise out of contract, I'd direct your honors to the Bar J Bar Cattle versus Pace case in Arizona, which is 763 P 2nd 545. And in that case, the court found that a claim for tortious interference with contract does not arrive under contract for purposes of 12341.01a. All right. Thank you, counsel. Any questions? Thank you, Your Honor. It appears not. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court, and we are adjourned. Very well. Thank you. Thank you for hearing us. This session stands adjourned.
judges: SCHROEDER, RAWLINSON, BYBEE